IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE HARTFORD FIRE INSURANCE COMPANY | * | |
| | * | |
| Plaintiff and Counter-Defendant | * | |
| | * | |
| v. | * | Civ. No. **PJM 16-769** |
| | * | |
| THE HARBORVIEW MARINA & YACHT CLUB COMMUNITY ASSOCIATION, INC. | * | |
| | * | |
| Defendant and Counter-Claimant | * | |

## **MEMORANDUM OPINION**

The several parties in this case are engaged in a dispute over the 2014 collapse of a pier in Baltimore.

The case began when the Hartford Fire Insurance Company ("Hartford")—which insured the pier—sued Harborview Marina & Yacht Club Community Association, Inc. ("Harborview")—which owns the pier—seeking a declaratory judgment to the effect that there is no coverage for the collapse of the pier under Harborview's policy with Hartford. Harborview counterclaimed, asserting that Hartford breached the insurance contract and failed to act in good faith when it denied coverage under the policy.

Since then, Hartford and Harborview have brought two other parties into the fold. Hartford filed a third-party claim against C.A. Lindman, Inc. ("C.A. Lindman")—a contractor which was using the pier to complete construction and maintenance on the façade of a nearby building at the time the pier collapsed. Harborview then filed a third-party cross claim against

C.A. Lindman, and thereafter, filed a third-party complaint against Coleman Consulting ("Coleman")—the engineer and consultant on the façade construction and maintenance project.

C.A. Lindman has filed a Motion to Dismiss Hartford's Third-Party Complaint and Harborview's Third-Party Cross-Complaint (ECF No. 78) and has also filed a Supplemental Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 79).

For the following reasons, all these Motions will be **DENIED**.

## I. FACTS

The facts of this case are more fully set out in this Court's July 5, 2017 Memorandum Opinion (ECF No. 79). For purposes of the present Motion, the relevant facts are as follows.

In 2014, Hartford approached Harborview about purchasing insurance coverage for Harborview's docks and piers at Harborview Drive, Baltimore, Maryland. Compl. ¶ 8, ECF No. 1. Harborview was looking to insure a number of its piers, including one pier that began beyond the eastern side of the building at Pierside Drive and extended into the Baltimore harbor. *Id.* ¶ 9. Accordingly, Harborview obtained from Hartford a "Marina Operators Legal Liability and Boat Dealer Policy," Policy No. 30 ML HS9073 (the "Policy"), effective June 26, 2014 to June 26, 2015 providing aggregate combined coverage of $5.1 million. Compl., Ex. 1, ECF No. 1-1.

On November 22, 2014, the pier failed. *Id*. ¶ 17. At the time of the collapse, C.A. Lindman, a third-party contractor, was using the pier for the purpose of completing construction and maintenance on the façade of a nearby building. Third-Party Cross-Compl. ¶ 6 ECF No. 42. C.A. Lindman had a contract with 100 Harborview Condominium—a high-rise condominium building unaffiliated with Harborview but located adjacent to the pier—to complete construction and maintenance on the façade of the condominium. *Id.* C.A. Lindman's use of Harborview's pier was allowed by the condominium by reason of an easement the condominium held *vis-à-vis*

the pier. *Id.* ¶ 16. Coleman was the engineer and consultant on the façade project and was allegedly responsible for, among other things, overseeing, inspecting and providing field reports concerning C.A. Lindman's and/or its subcontractors' and employees' work on the project. *Id.*¶ 11.

Subsequent to the collapse, Harborview made a claim under its Policy with Hartford for $5.1 million (the "Claim"). Compl. ¶ 18. Pursuant to its rights under the Policy, Hartford investigated the Claim and concluded that it was not covered because the failure of the pier was due to age, wear and tear, gradual deterioration, wasted condition, inherent vice or defective repair, *not* due to a fortuity or any covered risk. *Id*. ¶ 19-21. Hartford thus denied coverage. *Id*. ¶ 20.

On these facts, Hartford comes to court seeking a declaratory judgment that (1) there is no coverage for the claim under the Policy, (2) the Policy only covers fortuitous losses and the failure of the pier was not due to a fortuity, (3) Harborview breached the Conditions of Coverage under the Policy, and (4) coverage for the pier under the Policy is void and unenforceable. *Id*. ¶¶ 25, 29, 35, 38. Harborview has counterclaimed against Hartford, alleging breach of contract under the Policy and failure to act in good faith, and asks for damages in the amount of $5.1 million. Def's. Counterclaims ¶¶ 41, 43, 46, 49, 51, 60, ECF No. 10.

Followed on, then, Hartford's third-party Complaint against C.A. Lindman, seeking contribution and indemnification with respect to Harborview's counter-claims. ECF No. 35. Hartford argues that if it is held liable to Harborview, C.A. Lindman should be deemed responsible for any payments Hartford must make, because the damages allegedly sustained by Harborview were the proximate result of the actions of C.A. Lindman, its agents or subcontractors. *Id.* ¶ 11. Not to be outdone, Harborview filed its own cross-claim against C.A.

Lindman (ECF No. 42), asserting that if Hartford's claims for declaratory relief are granted fully or in part, C.A. Lindman should be held liable for the damages arising from and related to the pier collapse. *Id.* ¶ 20. Harborview also filed yet another third-party claim (i.e., impleader) against Coleman Consulting, alleging that Coleman, as the consultant on the façade construction and maintenance project, was negligent in its use of the pier and is therefore jointly and severally liable with C.A. Lindman for the damages and liabilities arising from the collapse. ECF No. 50.

On March 29, 2017, Coleman filed a Motion to Dismiss Harborview's Third-Party Complaint (ECF No. 53) on the grounds that it fails to state a claim and, in the alternative, because the Court lacks subject matter jurisdiction over the claim. Coleman argued that Federal Rule of Civil Procedure 14 does not permit Harborview's claim against it and that the Court lacks supplemental jurisdiction over it. On July 5, 2017, the Court issued a Memorandum Opinion and Order denying Coleman's Motion to Dismiss, finding Harborview's third-party claims against Coleman proper under Rule 14 because they are related to, and derivative of, Hartford's claim against Harborview. ECF No. 80. The Court also found that it has supplemental jurisdiction over Harborview's third-party claims and that Harborview has stated a facially plausible negligence claim so as to survive a Rule 12(b)(6) motion.

On June 30, 2017, before the Court could issue its Opinion, C.A. Lindman filed a Motion to Dismiss the Third-Party Complaint of Hartford and the Third-Party Cross-Complaint of Harborview. ECF No. 78. C.A. Lindman has since supplemented its Motion to Dismiss, asking the Court to consider, in the alternative, its Motion to Dismiss as a Motion for Summary Judgment. ECF No. 79. In both of its pleadings, C.A. Lindman "adopt[s] and incorporate[s] each and every averment and argument as set forth in Co-Third-Party Defendant, Colemen Consulting, LLC's ("Coleman") Motion to Dismiss Third-Party Complaint." ECF No. 78 & 79.

For all the reasons set forth in the Court's July 5, 2017 Opinion, C.A. Lindman's Motion to Dismiss (ECF No. 78) and Supplemental Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 79), are **DENIED**.

## II. STANDARDS OF REVIEW

### A. Lack of Subject Matter Jurisdiction

A party may move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) where the court lacks subject matter jurisdiction over the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited subject matter jurisdiction: they "possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 2365, 168 L.Ed.2d 96 (2007)). As the party asserting jurisdiction, the plaintiff bears the burden of proving that the district court has subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a district court determines that it lacks subject matter jurisdiction over an action, it must dismiss the action. *Vuyyuru*, 555 F.3d at 347 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006)). In considering whether to dismiss for lack of jurisdiction, the court may consider "evidence outside of the pleadings without converting the proceeding into one for summary judgment." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (quoting *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768); *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) ("[T]he court may consider the evidence beyond the scope of the pleadings to resolve factual disputes concerning [subject matter] jurisdiction.").

## B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) governs dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and quotation marks omitted). "[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court will also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). But "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts . . . ." *Nemet Chevrolet*, 591 F.3d at 255. "[A] complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (quotation marks omitted). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 256 (quoting *Iqbal*, 129 S. Ct. at 1949). "[T]he complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Id*. (quoting *Iqbal*, 129 S. Ct. at 1952).

## C. Supplemental Jurisdiction

Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . . Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they stem from the same set of facts. *See Rosmer v. Pfizer Inc.*, 263 F.3d 110, 114–15 (4th Cir. 2001) ("[S]ince the pendent claims of the absent class members raise similar questions of law and fact to Rosmer's claim, they are necessarily a 'part of the same case or controversy.'"). Moreover, only a "loose factual connection between the claims" is required. *Posey v. Calvert Cnty. Bd. of Educ.,* 262 F.Supp.2d 598, 600 (D.Md. 2003). Supplemental jurisdiction is discretionary and district courts are permitted to decline to exercise supplemental jurisdiction over a claim if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. *See* 28 U.S.C. § 1367(c)(2). The doctrine of supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). Courts also consider convenience, fairness to the parties, comity, and judicial economy. *Id.* at 350, n.7.

### D. Summary Judgment

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This does not mean, however, that "*some* alleged factual dispute between the parties" defeats the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Rather, "the requirement is that there be no *genuine* issue of *material* fact." *Id.* (emphasis in original).

### III. ANALYSIS

The Court considers C.A. Lindman's Motion to dismiss Hartford's Third-Party Complaint and Harborview's Third-Party Cross Complaint for failure to state a claim "and, in the alternative, for lack of subject matter jurisdiction." As the Court explained in its July 5, 2017 Memorandum Opinion, the proper sequence of C.A. Lindman's arguments is actually the reverse since, if the Court lacks jurisdiction over the case, there would be no occasion to consider whether Hartford and Harborview have or have not stated cognizable causes of action. As the Court previously observed, the proper jurisdictional inquiry is whether the third-party claims and cross-claims are, under Federal Rule of Civil Procedure 14, fairly derivative of the original claim or claims.

**A. Hartford and Harborview's Third-Party Claims Against C.A. Lindman Are Proper Under Rule 14**

Rule 14(a)(1) states that: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "In assessing third-party claims, the district court is afforded wide discretion." *Crowley v. BWW Law Grp., LLC*, No. CV RDB-15-00607, 2016 WL 4611275, at *5 (D. Md. Sept. 6, 2016). *See also Glens Falls Indem. Co. v. Atl. Bldg. Corp.*, 199 F.2d 60, 63–64 (4th Cir. 1952). Relevant factors include the introduction of unrelated issues or the undue complication of the original suit. *See L'Occitane, Inc. v. Tran Source Logistics, Inc.*, No. WMN-09-2499, 2010 WL 761201, at *5 (D. Md. Mar. 2, 2010). "Rule 14 is 'liberally construed' to permit impleader in the interest of judicial economy." *Brethren Mut. Ins. Co. v. Sears, Roebuck & Co.*, CIV. WDQ–12–0753, 2014 WL 3428931, *5 (D.Md. July 10, 2014). "Impleader [under Rule 14] will be liberally allowed, if it will prevent duplication of suits based on closely related

matters." *Certain Underwriters at Lloyd's, London v. R.J. Wilson & Associates, Ltd.*, CIV. CCB–11–1809, 2012 WL 2945489, *3 (D.Md. July 17, 2012).

Ordinarily, a claim against a third-party under Rule 14 must be "derivative" of the plaintiff's original claim. *See L'Occitane, Inc. v. Tran Source Logistics, Inc.*, No. WMN-09-2499, 2010 WL 761201, at *3 (D. Md. Mar. 2, 2010). However, "the modern trend appears to support liberal construction of Rule 14(a) and permit third-party actions to be filed in declaratory judgment cases where an adverse ruling on the underlying action may cause the original defendant to suffer a loss for which the third-party defendant may be liable." *State Coll. Area Sch. Dist. v. Royal Bank of Canada*, 825 F. Supp. 2d 573, 581 (M.D. Pa. 2011); *see also Hartford Cas. Ins. Co. v. ACC Meat Co., LLC*, 2011 WL 398087, at *2 (M.D. Pa. Feb. 2, 2011).

Here, no matter what the outcome of the dispute between Hartford and Harborview, the ruling will lead to an assignment of financial responsibility for which C.A. Lindman may in fact be liable. Hartford's first and second causes of action against Harborview seek a declaration that Hartford is not liable for the pier collapse because the collapse was caused by reason of age, wear and tear, gradual deterioration, wasted condition, inherent vice or defective repair, which are not covered by the policy. Harborview's counterclaims allege that Hartford is very much obligated to pay Harborview damages as a result of the pier collapse because the collapse was in fact caused by the actions of C.A. Lindman and Coleman.

If Hartford succeeds against Harborview on its declaratory judgment claim (i.e., if the Court finds that there is no coverage for the collapse of the pier under the relevant policy), Harborview may incur a liability for which C.A. Lindman may ultimately be liable. Conversely, if Harborview succeeds on its counterclaims (i.e., that Hartford breached the insurance contract by not covering the collapse of the pier under the relevant policy because the collapse was

caused by the actions of third-party contractors), Hartford may sustain a loss for which C.A. Lindman may be liable. In either scenario, the operative facts that give rise to and will eventually resolve the underlying dispute between Hartford and Harborview necessarily include the manner in which the pier collapsed and the reasons why it did, which, according to Harborview, lead straight to C.A. Lindman. In other words, both Hartford and Harborview's third-party claims against C.A. Lindman are not merely related to Hartford's claims and Harborview's counterclaims, they are unquestionably "derivative" of those claims.

Nor would permitting the third-party claims against C.A. Lindman introduce previously unrelated issues, unduly complicate the original suit, unduly prejudice Coleman or lead to delay. On the contrary, it would promote judicial economy. *See Noland Co. v. Graver Tank & Mnfr. Co.,* 301 F.2d 43, 49–50 (4th Cir.1962) ("[T]he primary objectives of third-party procedure is to avoid circuity and multiplicity of actions."). Accordingly, the Court holds that Hartford's third-party claims and Harborview's third-party cross-claims against Coleman are proper under Rule 14.

### B. Harborview Has Stated a Negligence Claim

To establish a *prima facie* case of negligence under Maryland law, a party must prove "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Valentine v. On Target*, 353 Md. 544, 549 (1999) (citations omitted). Harborview has without question stated a facially plausible negligence claim, which, if proven, would allow the reasonable inference that C.A. Lindman is liable to Harborview for damages stemming from the pier collapse.

### C. Hartford Has Stated Claims for Contribution and Indemnification

What about Hartford's third-party claims against C.A. Lindman for liability for counter-claims based on negligence and breach of contract, contribution and indemnification? ECF No. 35. An action for indemnity or contribution is "derivative in nature, with its legitimacy dependent upon the injured party's ability to maintain a direct action against the third party defendant." *Horton v. United States*, 622 F.2d 80, 83 (4th Cir. 1980). Because Harborview has stated a facially plausible negligence claim against C.A. Lindman, and because Hartford's third-party claims against C.A. Lindman are derivative from Harborview's claims, the Court finds that Hartford has put forth sufficient factual allegations to survive the motion to dismiss for failure to state a claim.

### D. The Court Has Determined To Exercise Supplemental Jurisdiction Over Harborview's Claims

An impleader claim that forms part of the same case or controversy as the plaintiff's original claim is deemed supplemental to the original claim. *See* 28 U.S.C. § 1367(a). *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376, (1978). Because the Court has diversity jurisdiction over Hartford's declaratory judgment action against Harborview,[1] there is no requirement that standalone jurisdiction be established with respect to the third-party claim and third-party cross claims against C.A. Lindman. As articulated above, the third-party claims against C.A. Lindman clearly form part of the same case or controversy as the claims originally posited in the case. Harborview and Hartford's claims against C.A. Lindman, like those of Harborview against Coleman, of Hartford in its declaratory judgment action, and of Harborview's counter-claims, all revolve around the collapse of a single identical pier and any and all reasons that it collapsed. There is no reason to believe that Harborview and Hartford's

---

[1] With respect to the original claims, the Court has already ruled that "[b]ecause [the Hartford and Harborview] are completely diverse and the amount in controversy exceeds $75,000, diversity jurisdiction unquestionably exists." *See* ECF No. 26 at 5.

claims against C.A Lindman will predominate over other issues in the case. In fact, the Court believes it is a matter of sound policy to litigate all the claims in one case.

Accordingly, the Court will exercise supplemental jurisdiction over Harborview and Hartford's claims against C.A. Lindman.

### E. C.A. Lindman is Not Entitled to Judgment as a Matter of Law

Though C.A. Lindman's original motion was styled as a Motion to Dismiss (ECF No. 78), it later filed a "supplemental brief" asking the Court to grant it summary judgment. ECF No. 79. Just to be clear: C.A. Lindman cites to no evidence or legal authority in support of this request, nor does it provide the Court with any legally cognizable or justifiable basis on which to grant it summary judgment. Affidavits supporting the Motion are missing; indeed, at the time its Motion was filed, discovery was still ongoing. The only rationale in support of C.A. Lindman's Motion for Summary Judgment is its argument that the third-party claims against it are improper under Rule 14 of the Federal Rules of Civil Procedure. This is a far cry from demonstrating that there is no genuine dispute as to any material fact and that C.A. Lindman is entitled to judgment as a matter of law. Not the crispest argument in the fridge.

## III. CONCLUSION

For the foregoing reasons, C.A. Lindman's Motion to Dismiss or in the Alternative for Summary Judgment of Third-Party Complaint of Hartford Fire Insurance Company & Third-Party Cross-Complaint of Harborview Marina Club Community Association (ECF Nos. 78 & 79), is **DENIED**, as set forth in the accompanying Order.

                                    /s/

                            **PETER J. MESSITTE**
                        **UNITED STATES DISTRICT JUDGE**

**January 30, 2018**